IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

GEORGE ALVAREZ, a single individual, and JAMES KELLER and KIM KELLER, individually and the marital community composed thereof,

Plaintiffs,

v.

KING COUNTY, d/b/a KING COUNTY SHERIFF'S OFFICE and SUSAN RAHR individually and in her official capacity, and JOHN DOE RAHR, and their marital community; DAVID REICHERT, individually and in his official capacity, and JANE DOE REICHERT, and their marital community; and MARK TONER, individually and in his official capacity, and JANE DOE TONER, and their marital community; and SCOTT SOMERS, individually and in his official capacity, and JANE DOE SOMERS, and their marital community,

Defendants.

NO. C06-0023C

**PLAINTIFFS' THIRD AMENDED COMPLAINT**

This civil action is brought pursuant to 42 U.S.C. §1983, the United States and Washington State Constitutions, RCW 49.60 *et seq.*, and common law.

PLAINTIFFS' THIRD AMENDED COMPLAINT                Page 1

## JURISDICTION AND VENUE

1. This court has jurisdiction pursuant to 28 U.S.C. §1331. Venue is proper in this court pursuant to 28 U.S.C. §1441(a).

## PARTIES

2. Plaintiff George Alvarez is a single man residing in King County, Washington. He is a police officer employed with defendant King County Sheriff's Office.

3. Plaintiff James (Jimmy) Keller is a married man residing in Pierce County, Washington with his wife, plaintiff Kim Keller, and their two children. He is a police officer employed with defendant King County Sheriff's Office.

4. Plaintiff Kim Keller is married to plaintiff James Keller. They reside in Pierce County Washington with their two children.

5. Defendant King County is a governmental entity that employs more than eight employees and has its principal office in Seattle, Washington.

6. Defendant Susan Rahr is the current King County Sheriff. Defendant Susan Rahr was Chief of the King County Sheriff's Office during the period complained of in this complaint. Defendant John Doe Rahr is the presumed husband of defendant Susan Rahr.

7. Defendant David Reichert is currently an elected member of Congress representing the 8th Congressional District. Defendant David Reichert was Sheriff of the King County Sheriff's Office during the period complained of in this complaint. Defendant Jane Doe Reichert is the presumed wife of defendant David Reichert.

PLAINTIFFS' THIRD AMENDED
COMPLAINT                    Page 2

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2086  FAX 206.233.9165

8.  Defendant Mark Toner was a detective sergeant with the King County Sheriff's Office during the period complained of in this complaint.  Defendant Jane Doe Toner is the presumed wife of defendant Mark Toner.

9.  Defendant Scott Somers is currently Chief of the Special Operations Division with the King County Sheriff's Office.  Defendant Scott Somers was Precinct Commander for the Southwest Precinct of the King County Sheriff's Office during the period complained of in this complaint.  Defendant Jane Doe Somers is the presumed wife of defendant Scott Somers.

### FACTS

10. Plaintiffs Jimmy Keller and George Alvarez have been employed as police officers with King County Sheriff's Office (hereafter "KCSO") since 1998. Both plaintiffs have been outstanding police officers for the King County Sheriff's Office (hereafter "KCSO").  In 2001, defendant Sheriff Reichert awarded Jimmy Keller the Deputy of the Year award, a high honor for a young police officer. Plaintiff George Alvarez has been nominated four times for Deputy of the Year. Their personnel files contain many notes and letters of commendation from their supervisors and chain of command, demonstrating their excellent skills and abilities as law enforcement officers.

11. In March 2002, plaintiff Jimmy Keller was transferred from the gang unit to the Neighborhood Drug Enforcement Team (NDET).  Plaintiff Alvarez was transferred to NDET in October 2002.  NDET is reputed to be one of the most dangerous units in law enforcement.

PLAINTIFFS' THIRD AMENDED
COMPLAINT                    Page 3

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2086  FAX 206.233.9165

12. Plaintiffs Jimmy Keller and Alvarez received no special training in undercover operations or working with informants prior to or during their assignment to NDET, despite their requests, and their sergeants' requests, for such training.

13. On October 22, 2003, plaintiffs Jimmy Keller and George Alvarez, along with King County Deputy Benjamin Wheeler, and Des Moines Police Officers Bruno Baldwin and Vic Celis, contacted a confidential informant by the name of Michael Winchester. Winchester was a well known convicted felon who, at that time, had two outstanding felony warrants for his arrest. One warrant was a no-bail warrant for a Burglary 2 probation violation and the second was a $2500 warrant for failing to appear at a Violation of the Controlled Substances Act (VUCSA) arraignment.

14. Winchester's criminal record includes a variety of juvenile felonies and misdemeanors as well as convictions as an adult for the following crimes: Burglary in the Second Degree, VUCSA, Taking A Motor Vehicle Without Permission, two convictions for Assault in the Fourth Degree, Telephone Harassment, and Criminal Trespass in the First Degree.

15. Winchester claimed that he knew where a dangerous gang, the Sons of Samoa (SOS), was hiding weapons and that he could buy drugs from SOS members. Members of the SOS had recently issued death threats specifically against plaintiffs and their families. Plaintiffs were anxious to do what they could to arrest members of the SOS gang in order to protect the community, as well as to protect themselves and their families against the SOS threats. This created a

PLAINTIFFS' THIRD AMENDED
COMPLAINT                    Page 4

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2086  FAX 206.233.9165

dangerous situation for the detectives that should have been foreseen by the Sheriff's Office.

16. Two days later, on or about October 25, 2003, Des Moines Officer Celis called his sergeant and tearfully reported that Winchester had been "roughed up". Officer Celis was concerned that he would be implicated in the incident.

17. KCSO Detective Mark Toner interviewed Officer Celis regarding his allegations against plaintiffs. Defendants also interviewed King County Deputy Benjamin Wheeler who had also been present during the incident with Michael Winchester on October 22, 2005. Defendant Toner told both Celis and Wheeler that, despite their complicity in the alleged incident, they were being interviewed as witnesses and not suspects. Deputy Wheeler's statement differed in material respects from Officer Celis' statement.

18. The "command staff", including defendants Reichert, Rahr, Toner and Somers, met and agreed to arrest plaintiffs before the alleged victim Michael Winchester was contacted and interviewed. Probable cause for plaintiffs' arrests had not been established at the time that defendants met and agreed to arrest plaintiffs. In doing so, defendants acted in willful, wanton and reckless disregard of and deliberate indifference to plaintiffs' federal constitutional rights.

19. When Winchester was finally located and interviewed, his story differed in material respects from that of Wheeler and Celis. Winchester was unable to identify plaintiff Keller from a photo montage.

20. On the evening of October 25, plaintiffs Jimmy Keller and George Alvarez arrived at SeaTac City Hall believing that they were reporting for duty. Instead,

PLAINTIFFS' THIRD AMENDED
COMPLAINT                         Page 5

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2086   FAX 206.233.9165

they were arrested and advised of their constitutional rights per *Miranda*. Plaintiff Alvarez asked defendant Toner if he would also be advised of his rights pursuant to *Garrity v. New Jersey*. Toner refused to advise either plaintiff of these rights.

21. Plaintiffs invoked their Fifth Amendment right to remain silent and did not give any statements regarding what had occurred on October 22, 2003. Defendant Rahr would later use this against them, thereby violating their Fifth Amendment rights.

22. Plaintiffs were handcuffed and transported to the King County Jail where they were booked on the felony charge of unlawful imprisonment. Defendants objected to plaintiffs' release on their personal recognizance, despite the fact that they were employed as police officers, had no criminal history and were not a threat to the community.

23. Other KCSO Deputies have not been arrested and booked into jail by the KCSO for conduct that was more egregious than plaintiffs' conduct.

24. Defendants repeatedly refused to arrest Winchester on the two outstanding warrants for his arrest. While defendants ignored Winchester's warrants and allowed him to remain at large, Winchester committed more crimes.

25. Upon plaintiffs' bookings, it was determined by the jail staff that it would not be necessary to strip search plaintiff Keller. Despite this, a strip search was performed of Jimmy Keller.

PLAINTIFFS' THIRD AMENDED
COMPLAINT                    Page 6

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2086  FAX 206.233.9165

26. Jail staff also initially noted that Keller had no mental health issues and was not suicidal. Despite this, Keller was transferred to the psychiatric division of the jail and put on "suicide watch".

27. While her husband was in the King County Jail, plaintiff Kim Keller, who was eight months pregnant at that time, was at home in rural Buckley with their two year old son. Ms. Keller suffers from epilepsy and both she and her husband were very concerned for her well being during the latter part of her pregnancy. The gang threats against her husband and their family were extremely frightening to her, especially since her husband's incarceration left her alone in their home without any protection. Due to the enormous emotional stress, plaintiff Kim Keller visited her doctor who prescribed Zoloft during the remainder of her pregnancy. Although it was common knowledge in the Sheriff's Office that plaintiff Jimmy Keller and his family lived in rural Buckley, where there was a one hour police response time, and that plaintiff Kim Keller was in the late stages of her pregnancy, the KCSO took no steps to ensure that she and her young son were safe from the death threats made against them. At one point, the threats were so alarming that the Keller family decided to park a tractor in front of their son's bedroom in case there was a drive by shooting.

28. On October 25, 2003, prior to having interviewed Winchester, defendant Mark Toner completed the Superform and Statement of Probable Cause: Non-VUCSA Felony. The sworn Statement of Probable Cause included false statements and omitted material facts. After Winchester was interviewed, defendant Toner

PLAINTIFFS' THIRD AMENDED
COMPLAINT                    Page 7

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2086  FAX 206.233.9165

altered his sworn statement in material respects. Defendant Toner failed to include the fact that Winchester was unable to identify plaintiff Keller.

29. After plaintiffs were arrested and jailed, defendant David Reichert (who was King County Sheriff at that time) held press conferences about plaintiffs' arrests. Reichert is quoted in the Seattle Post-Intelligencer on October 27, 2003, as saying "[t]here is no blind eye or 'blue wall' when it comes to malfeasance on the part of police officers."

30. Defendants, however, did turn a "blind eye" to other sheriff's deputies who were engaged in criminal conduct far more serious and egregious than the alleged crimes against plaintiffs. Defendants engaged, and continue to engage, in a pattern and practice of unfair treatment toward plaintiffs.

31. Plaintiffs learned from other police officers that on more than one occasion at roll call, defendant Scott Somers referred to them as "crooks", adding that they would be "fired and convicted". Defendant Somers also falsely announced at roll calls that there were no warrants for Winchester's arrest at the time of the incident, despite the fact that the KCSO had confirmed that there were warrants for Winchester's arrest on the date of the incident.

32. Defendant David Reichert told numerous individuals that plaintiffs were "guilty" and would be convicted. He also falsely denied that there were warrants for Winchester's arrest at the time of the incident.

33. On February 5, 2004, defendant David Reichert publicly announced that he would run for the Republican nomination to succeed U.S. Representative Jennifer Dunn

PLAINTIFFS' THIRD AMENDED
COMPLAINT                    Page 8

in the 8th Congressional District.  King County Prosecuting Attorney Norm Maleng was a campaign adviser to Reichert.

34. In March of 2004, before their criminal trial and before they had been given a *Loudermill* hearing, defendant Reichert, by and through his legal counsel, publicly announced that plaintiffs would be fired.

35. During the course of the investigation and before the criminal trial, numerous tips and leads were provided to defendants KCSO and Sgt. Mark Toner.  These included statements from several independent sources that Winchester had admitted that plaintiffs "never touched him".

36. In January 2004, Winchester was arrested by the KCSO in a stolen car with a stolen credit card and in possession of the illegal drug, methamphetimine.  He was charged with Possession of Stolen Property and Violation of the Uniform Controlled Substances Act (VUCSA).

37. Despite this and other information establishing that Winchester was not a credible witness, that he had failed to identify plaintiff Keller, that he had admitted that plaintiffs had not assaulted him, and that he had admitted that plaintiffs had not unlawfully imprisoned him, defendants continued in their prosecution of plaintiffs.

38. Winchester was paid $50,000.00 in a settlement agreement with the KCSO in connection with the alleged events of October 22, 2003.

39. In May 2004, plaintiffs were tried on criminal charges of Assault in the Fourth Degree and Unlawful Imprisonment, a felony.  Plaintiff Jimmy Keller was acquitted on the assault charge.  The jury was hung on the other charges favoring

PLAINTIFFS' THIRD AMENDED
COMPLAINT                     Page 9

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2086   FAX 206.233.9165

acquittal by 8 to 4. Shortly thereafter, the King County Prosecuting Attorney dismissed all charges against plaintiffs.

40. On July 16, 2004, defendant David Reichert suspended plaintiffs without pay for twenty working days. Both plaintiffs were demoted from detective to deputy and transferred to new units. The demotions resulted in a decrease in wages for plaintiffs. Neither Plaintiff was placed on probation and they were told that they would not be held back from advancement in the department.

41. Other Sheriff's deputies, who have engaged in far more egregious conduct, have received either no discipline or far more lenient discipline than plaintiffs received.

42. On July 18, 2004, defendant Susan Rahr sent an e-mail to numerous individuals within the defendant KCSO. In that e-mail, Rahr admitted that after she heard plaintiffs' side of the story, she had determined that plaintiffs' behavior "was not criminal and didn't rise to the level of termination." Rahr also said that plaintiffs "had the opportunity to talk to the Sheriff and give their side of the story before they were arrested and placed on administrative leave. They declined that opportunity."

43. Defendant Rahr's statement that plaintiffs had been given the opportunity to talk with the Sheriff before they were arrested, violated plaintiffs' Fifth Amendment rights.

44. Defendant Rahr issued another written statement wherein she made the following admissions:

> ➤ "First, I began to see that the "truth" about what happened that night was not as clear as I thought it was. **I began to recognize that some of the words and actions were misconstrued which led to incorrect assumptions by the witness officers. We had**

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2086  FAX 206.233.9165

**five different versions of what happened. Some of the differences were a result of outright lies.** But some differences were due to a legitimate lack of communication and misunderstanding. In a nutshell, I became increasingly less confident that this was a deliberate, planned act."

➤ **"It was bad unethical behavior, but not criminal."**

➤ "Jim Keller absolutely swears they did not go down there to threaten Winchester. God help me, I believe him."

➤ "What looked like a terrible crime at the outset requiring termination turned out to be something less."

(emphasis supplied)

45. In February 2005, plaintiffs filed a tort claim with defendants. Almost immediately, defendants began retaliating against plaintiffs. For example, plaintiff Alvarez applied for a transfer to a newly formed Special Operations/Metro Bike Unit. Despite receiving numerous commendations and recommendations, and being accepted into the unit, KCSO denied his transfer to the unit. Alvarez was told that defendants thought it was "too soon".

46. Defendants have attempted to obtain a psychological examination of plaintiffs in order to attempt to stigmatize them further and/or terminate their employment. On May 19, 2005, defendants sent a letter to plaintiffs ordering them to undergo a psychological evaluation. The letter, in part, reads: "the Sheriff's Office needs a doctor's evaluation to advise us whether you can perform the essential functions of your job and if you need a reasonable accommodation to do so." Plaintiffs have not claimed that they are disabled nor have they requested an accommodation.

47. Plaintiffs' lawsuit pertains to matters of public concern regarding unlawful and unethical behavior by public officials.

PLAINTIFFS' THIRD AMENDED
COMPLAINT                    Page 11

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL. 206.622.2086   FAX 206.233.9165

48. Subsequent to the filing of this lawsuit, defendants have engaged in a pattern and practice of retaliation against plaintiffs. They have refused plaintiff George Alvarez a job on the Metro Bike Unit in retaliation for filing this lawsuit. Plaintiff Keller has been denied positions as Field Training Officer (FTO) and Master Police Officer (MPO) in retaliation for filing this lawsuit.

49. In all of these actions, defendants, and each of them, acted with willful, wanton, and reckless disregard of and deliberate indifference to plaintiffs' Federal Constitutional rights.

50. As a result of defendants' actions, plaintiffs Jimmy Keller, Kim Keller and George Alvarez have suffered severe emotional distress, humiliation, pain and suffering, anxiety, as well as loss of pay and irreversible damage to their reputations and careers.

## FIRST CAUSE OF ACTION:

## VIOLATION OF 42 U.S.C. § 1983 – UNREASONABLE SEIZURE

51. Plaintiffs reallege paragraphs 1 through 50 as if fully set forth herein.

52. Defendants, and each of them, were at all times acting under the color of the laws of the State of Washington.

53. The Fourth Amendment to the United States Constitution guarantees the right for citizens to be free from unreasonable seizure or arrest. The Fourteenth Amendment to the United States Constitution guarantees the right for citizens to be free from unreasonable seizure or arrest without due process of law.

54. Defendants, and each of them, deprived plaintiffs George Alvarez and Jimmy Keller of their rights under the Fourth and Fourteenth Amendments by arresting them without probable cause and without due process of law.

PLAINTIFFS' THIRD AMENDED
COMPLAINT                     Page 12

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2086   FAX 206.233.9165

55. Defendants, and each of them, acted with willful, wanton, and reckless disregard of and deliberate indifference to plaintiffs' Federal and State Constitutional rights.

56. As a direct and proximate result of defendants' unlawful conduct, plaintiffs have suffered and continue to suffer wage loss, emotional distress, humiliation, and other damages in amounts to be proved at trial.

## SECOND CAUSE OF ACTION:

## VIOLATION OF 42 U.S.C. §1983 – PROCEDURAL DUE PROCESS RIGHTS

57. Plaintiffs reallege paragraphs 1 through 56 as if fully set forth herein.

58. Defendants, and each of them, were at all times acting under the color of the laws of the State of Washington.

59. The U.S. Constitution guarantees citizens due process rights when faced with deprivation of their property rights.  By virtue of their employment as police officers, plaintiffs George Alvarez and Jimmy Keller had property rights in their continued employment and related benefits.

60. By their acts and conduct, defendants, and each of them, deprived plaintiffs Alvarez and Jimmy Keller of their due process rights under the Fourteenth Amendment.

61. Defendants, and each of them, acted with willful, wanton, and reckless disregard of and deliberate indifference to plaintiffs' Federal and State Constitutional rights.

62. As a direct and proximate result of defendants' unlawful conduct, plaintiffs have suffered and continue to suffer wage loss, emotional distress, humiliation, loss of wages and other employment opportunities and other damages in amounts to be proved at trial.

PLAINTIFFS' THIRD AMENDED
COMPLAINT                        Page 13

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2086  FAX 206.233.9165

**THIRD CAUSE OF ACTION:**

**VIOLATION OF 42 U.S.C. §1983 - MALICIOUS PROSECUTION AND ABUSE OF PROCESS**

63. Plaintiffs reallege paragraphs 1 through 62 as if fully set forth herein.

64. Defendants, and each of them, were at all times acting under the color of the laws of the State of Washington.

65. Defendants, and each of them, prosecuted plaintiffs with malice and without probable cause and they did so for the purpose of denying plaintiffs' Constitutional rights.

66. Defendants, and each of them, misused the criminal justice process for illegitimate ends.

67. Defendants, and each of them, acted with willful, wanton, and reckless disregard of and deliberate indifference to plaintiffs' Federal and State Constitutional rights.

68. As a direct and proximate result of defendants' unlawful conduct, plaintiffs have suffered and continue to suffer wage loss, emotional distress, humiliation, loss of wages and other employment opportunities and other damages in amounts to be proved at trial.

**FOURTH CAUSE OF ACTION:**

**VIOLATION OF 42 U.S.C. §1983 – FIFTH AMENDMENT RIGHTS**

69. Plaintiffs reallege paragraphs 1 through 68 as if fully set forth herein.

70. Defendants, and each of them, were at all times acting under the color of the laws of the State of Washington.

71. By their acts and conduct, defendants King County, d/b/a KCSO and Rahr violated plaintiff George Alvarez's and Jimmy Keller's Fifth Amendment Rights

PLAINTIFFS' THIRD AMENDED
COMPLAINT                    Page 14

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2086   FAX 206.233.9165

against self-incrimination by penalizing them for invoking their constitutional right to remain silent upon their arrest.

72. Defendants, and each of them, acted with willful, wanton, and reckless disregard of and deliberate indifference to plaintiffs' Federal and State Constitutional rights.

73. As a direct and proximate result of defendants' unlawful conduct, plaintiffs have suffered and continue to suffer wage loss, emotional distress, humiliation, loss of wages and other employment opportunities and other damages in amounts to be proved at trial.

## FIFTH CAUSE OF ACTION:

## VIOLATION OF 42 U.S.C. §1983 – CIVIL CONSPIRACY

74. Plaintiffs reallege paragraphs 1 through 73 as if fully set forth herein.

75. Defendants, and each of them, were at all times acting under the color of the laws of the State of Washington.

76. Defendants, and each of them, conspired to arrest plaintiffs without probable cause thereby violating their Fourth Amendment Constitutional rights.

77. Defendants, and each of them, acted with willful, wanton, and reckless disregard of and deliberate indifference to plaintiffs' Federal and State Constitutional rights.

78. As a direct and proximate result of defendants' unlawful conduct, plaintiffs have suffered and continue to suffer wage loss, emotional distress, humiliation, loss of wages and other employment opportunities and other damages in amounts to be proved at trial.

PLAINTIFFS' THIRD AMENDED
COMPLAINT                    Page 15

## SIXTH CAUSE OF ACTION:

## VIOLATION OF 42 U.S.C. §1983 – FIRST AMENDMENT RETALIATION

79. Plaintiffs reallege paragraphs 1 through 78 as if fully set forth herein.

80. Defendants, and each of them, were at all times acting under the color of the laws of the State of Washington.

81. Defendants, and each of them, have engaged in unlawful retaliation against plaintiffs for filing this lawsuit, in violation of their First Amendment Constitutional right of access to the courts.

82. Defendants, and each of them, acted with willful, wanton, and reckless disregard of and deliberate indifference to plaintiffs' Federal and State Constitutional rights.

83. As a direct and proximate result of defendants' unlawful conduct, plaintiffs have suffered and continue to suffer wage loss, emotional distress, humiliation, loss of wages and other employment opportunities and other damages in amounts to be proved at trial.

## SEVENTH CAUSE OF ACTION:

## DEFAMATION

84. Plaintiffs reallege paragraphs 1 through 83 as if fully set forth herein.

85. By their acts and conduct, defendants King County, d/b/a KCSO, Reichert, Rahr, and Somers defamed plaintiffs George Alvarez and Jimmy Keller by making public statements about them either knowing that the statements were false or with reckless disregard for the truth of the statements. These statements were not privileged.

PLAINTIFFS' THIRD AMENDED
COMPLAINT                    Page 16

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2086   FAX 206.233.9165

86. As a direct and proximate result of defendants' unlawful conduct, plaintiffs have suffered and continue to suffer wage loss, emotional distress, humiliation, loss of wages and other employment opportunities and other damages in amounts to be proved at trial.

## EIGHTH CAUSE OF ACTION:

## WASHINGTON LAW AGAINST DISCRIMINATION

87. Plaintiffs reallege paragraphs 1 through 86 as if fully set forth herein.

88. By their acts and conduct defendants King County, d/b/a KCSO and Rahr committed a violation of the Washington Law Against Discrimination, RCW 49. 60 *et seq.*, by regarding plaintiffs George Alvarez and Jimmy Keller as disabled and by discriminating and retaliating against them because of their perceived disability.

89. As a direct and proximate result of defendants' unlawful conduct, plaintiffs have suffered and continue to suffer wage loss, emotional distress, humiliation, loss of wages and other employment opportunities and other damages in amounts to be proved at trial.

## NINTH CAUSE OF ACTION:

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

90. Plaintiffs reallege paragraphs 1 through 89 as if fully set forth herein.

91. By their acts and conduct, defendants King County, d/b/a KCSO, Reichert, Rahr, Toner and Somers intentionally inflicted emotional distress upon plaintiffs George Alvarez, Jimmy Keller and Kim Keller.

PLAINTIFFS' THIRD AMENDED
COMPLAINT                Page 17

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2086   FAX 206.233 9165

92. As a direct and proximate result of defendants' unlawful conduct, plaintiffs have suffered and continue to suffer wage loss, emotional distress, humiliation, loss of wages and other employment opportunities and other damages in amounts to be proved at trial.

## TENTH CAUSE OF ACTION:

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

93. Plaintiffs reallege paragraphs 1 through 92 as if fully set forth herein.

94. By their acts and conduct, defendants King County, d/b/a KCSO, Reichert, Rahr, Toner and Somers negligently inflicted emotional distress upon plaintiffs George Alvarez, Jimmy Keller and Kim Keller.

95. As a direct and proximate result of defendants' unlawful conduct, plaintiffs have suffered and continue to suffer wage loss, emotional distress, humiliation, loss of wages and other employment opportunities and other damages in amounts to be proved at trial.

96. Plaintiffs reserve the right to amend this Complaint and add other claims as necessary.

**WHEREFORE** Plaintiffs pray for the following relief:

- Back wage loss and benefits;

- Future wage loss and benefits;

- Damages for defamation of character and lost career opportunities;

- Emotional distress damages;

- Punitive damages;

- Attorney's fees and costs;

PLAINTIFFS' THIRD AMENDED
COMPLAINT                    Page 18

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2086   FAX 206.233.9165

- Tax relief;

- Prejudgment interest;

- Injunctive relief;

- Other relief that the Court deems just and equitable.

DATED this 19th day of January, 2006.

THE LAW OFFICES OF JUDITH A. LONNQUIST, P.S.

REBA WEISS, WSBA #12876
MITCHELL RIESE, WSBA #11947
Attorneys for Plaintiffs

PLAINTIFFS' THIRD AMENDED
COMPLAINT                    Page 19

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2006, I caused to be electronically filed the foregoing documents with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Lee Corkrum

lcorkrum@omwlaw.com

Shawn Terlitsky
Paralegal