UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GEORGE ALVAREZ, et al.,

    Plaintiffs,

    v.

KING COUNTY SHERIFF'S OFFICE, et al.,

    Defendants.

CASE NO. C06-0023C

ORDER

This matter comes before the Court on Defendants' motion for a protective order (Dkt. No. 27) and Plaintiffs' motion to take additional depositions (Dkt. No. 25). Having considered the papers submitted and finding oral argument unnecessary, the Court finds and orders as follows.

**I.    Introduction**

This case arises from the arrest and prosecution of King County Sheriff's Office ("KCSO") deputies George Alvarez and James Keller (Plaintiffs) after their alleged use of excessive force against a confidential informant, as well as their subsequent demotion. Plaintiffs' Third Amended Complaint includes federal causes of action for (1) arrest without probable cause, (2) deprivations of Fifth Amendment rights, (3) malicious prosecution, (4) civil conspiracy, and (5) workplace retaliation for filing this lawsuit. (Dkt. No. 9 ¶¶ 51–83 .) The complaint also includes state law claims for wrongful retaliation, defamation, and infliction of emotional distress. (*Id.* ¶¶ 84–96.) Plaintiffs also allege that

ORDER – 1

other KCSO deputies "have not been arrested and booked into jail" and "have received either no discipline or far more lenient discipline than plaintiffs received" for conduct that was "more egregious" than Plaintiffs' alleged actions. (*Id.* ¶¶ 23, 41.)

## II. Defendants' Motion for Protective Order

Defendants request a protective order under Rule 26(c) barring further discovery of KCSO's investigations of deputies "who were not involved in the events giving rise to Plaintiffs' suit." (Defs. Mot. 1.) Defendants argue that none of Plaintiffs' claims are supported by evidence of how KCSO treated other deputies who were investigated for criminal activity. (*Id.* 9.) Defendants further argue that such discovery would be cumulative, as they have already produced documents and responded to requests for admission regarding these investigations. (*Id.* 8.)

Rule 26 permits parties to "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." FED. R. CIV. P. 26(b)(1). This broad mandate is limited, however, to discovery requests that are not unduly burdensome or cumulative and are reasonably calculated to lead to the discovery of relevant evidence. *Id.* (b)(2). Accordingly, Rule 26(c) limits the parties' rights to discovery by enabling the district courts, on good cause shown, to enter a protective order limiting or barring discovery to protect the target from "annoyance, embarrassment, oppression, or undue burden or expense." *Id.* 26(c).

It is true, as Defendants argue, that Plaintiffs do not raise the type of employment-discrimination claims for which the courts have historically allowed comparator evidence. *See, e.g.*, *Bodett v. CoxCom, Inc.*, 366 F.3d 736, 743–44 (9th Cir. 2004) (disparate-treatment claim based on religious discrimination). However, this does not necessarily mean that discovery into such matters is irrelevant, unduly burdensome or cumulative, or will unfairly cause annoyance or oppression. It appears that the common thread tying together Plaintiffs' claims is the allegation that they received "uniquely harsh treatment" compared to other deputies who were accused of criminal conduct. (Pls. Opp'n 7.) Thus, it would be premature to foreclose all further inquiry into unrelated investigations by finding that Plaintiffs' efforts are

ORDER – 2

1  not reasonably calculated to lead to the discovery of admissible evidence.  The Court will therefore
2  DENY Defendants' motion without prejudice.

**II.     Plaintiffs' Motion for Leave to Take Additional Depositions**

Plaintiffs' motion seeks leave of Court to note twenty depositions, arguing that they must depose the five named defendants, and that the remaining five depositions allowed by Rule 30 are insufficient to fully explore unrelated KCSO investigations.  Plaintiffs' further request that they be permitted to depose Defendants Sue Rahr and Mark Toner for two seven-hour days.

Under Rule 30(a)(2)(A), the court may grant leave to take additional depositions if consistent with the limits on discoverable matters in Rule 26(b)(2).  However, Plaintiffs make their motion before having taken a single deposition.  This makes it impossible to determine whether additional and lengthened depositions will actually be necessary, or if instead Plaintiffs can obtain the relevant information from the ten single-day depositions to which they are already entitled.  *See Whittingham v. Amherst College*, 163 F.R.D. 170, 171 (D. Mass. 1995).

Until Plaintiffs can make a particularized showing that their ten allotted depositions and the documents already produced are insufficient to discover relevant evidence about other KCSO investigations, their motion is premature.  The Court will DENY Plaintiffs' motion without prejudice.

**III.    Plaintiffs' Motion to Strike and Impose Sanctions**

In their surreply to Defendants' motion for protective order (Dkt. No. 39), Plaintiffs argue that Defendants improperly cited a settlement offer in which Plaintiffs' counsel asserts that her clients suffer from Post-Traumatic Stress Disorder ("PTSD").  Under Federal Rule of Evidence 408, settlement offers are inadmissible "to prove liability for or invalidity of the claim or its amount."  This prohibition, however, does not apply if the communication is used to establish a "consequential, material fact" other than the validity or amount of a claim.  2 JACK B. WEINSTEIN & MARGARET A. BERGER, WEINSTEIN'S FEDERAL EVIDENCE § 408.08[1] (2d ed. 2006).

ORDER – 3

1  Defendants' use of a specific portion of counsel's letter in the context of this discovery dispute
2  does not implicate Rule 408.  Defendants argue that their demand for a psychological exam was based
3  solely on counsel's representation that Plaintiffs were suffering from PTSD.  (*See* Defs. Reply 5.)  This
4  represents nothing more than Defendants' attempt to restrict the scope of discovery, and does not show
5  that Plaintiffs' retaliation claim lacks validity.  Moreover, none of the evidentiary risks that can arise
6  during trial are present in this discovery dispute.  The Court will therefore DENY Plaintiffs' motion.

7  **IV.   Conclusion and Order**

8  For the foregoing reasons, the Court hereby DENIES without prejudice Defendants' motion for a
9  protective order under Rule 26(c).  The Court also DENIES without prejudice Plaintiffs' motion for relief
10 from the deposition limits in Rule 30(a)(2).  Finally, the Court DENIES Plaintiffs' motion to strike
11 portions of Defendants' reply brief and to impose sanctions.

12 SO ORDERED this 27th day of June, 2006.

          UNITED STATES DISTRICT JUDGE

26 ORDER – 4