UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GEORGE ALVAREZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> KING COUNTY, d/b/a KING COUNTY SHERIFF'S OFFICE, et al., <br><br> Defendants. | CASE NO. C06-0023-JCC <br><br> ORDER |

This matter comes before the Court on Plaintiffs' Motion for Summary Judgment on Defendants' Counterclaims (Dkt. No. 42), Defendants' Opposition thereto (Dkt. No. 50), and Plaintiffs' Response (Dkt. No. 55). After careful consideration of the relevant submissions, the Court hereby DENIES Plaintiffs' Motion, as follows:

The factual background in this case has already been discussed in the Court's November 17, 2006 Order Granting Defendants' Motion to Consolidate (Dkt. No. 102) and need not be repeated for purposes of the present Order. It is sufficient to note that Plaintiffs instituted this action against Defendants for, among other things, malicious prosecution, retaliation, defamation, and numerous constitutional violations surrounding the investigation of Plaintiffs' alleged police misconduct. In response, Defendants asserted their own counterclaim of malicious prosecution against Plaintiffs.

ORDER – 1

Plaintiffs now move for summary judgment on Defendants' malicious prosecution counterclaim.

Rule 56 of the Federal Rules of Civil Procedure states that a party is entitled to summary judgment in its favor "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. The moving party bears the burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is in fact a genuine issue for trial. *Anderson*, 477 U.S. at 250.

The common law elements of malicious prosecution in a civil case are:

> (1) the defendant instituted or maintained the alleged malicious prosecution; (2) lack of probable cause to institute or continue the prosecution; (3) malice; (4) the proceedings ended on the merits in favor of the plaintiff or were abandoned; and (5) the plaintiff suffered injury or damage as a result.

*Hanson v. Estell*, 997 P.2d 426, 430 (Wash. Ct. App. 2000). The Washington Legislature abrogated the fourth element by permitting a defendant to assert a counterclaim for malicious prosecution under § 4.24.350 of the Washington Code. *Id*; Wash. Rev. Code § 4.24.350.

The underlying claims have yet to be addressed by the Court in this matter and still remain hotly contested by the parties. Taking the facts as alleged by Defendants for summary judgment purposes, Plaintiffs are aggressive officers who viciously assaulted Michael Winchester and are using the present

ORDER – 2

lawsuit to get back at the police department that investigated them. As such, there are genuine issues of material fact at this stage of the lawsuit regarding whether the Plaintiffs had probable cause when they initiated the underlying lawsuit, whether they did so with malice, and whether the Defendants suffered any injury as a result. Further, even though Washington allows malicious prosecution counterclaims, the fact that this Court has not addressed the merits of the underlying claims (or been asked to do so) precludes a finding on the malicious prosecution claims in any party's favor at this point in the litigation. Plaintiffs' legal claims are also not so clear-cut as to completely rule out Defendants' counterclaim for malicious prosecution. Accordingly, Plaintiffs' Motion for Summary Judgment on Defendants' Counterclaims is hereby DENIED.

SO ORDERED this 12th day of December, 2006.

John C. Coughenour
United States District Judge

ORDER – 3