UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GEORGE ALVAREZ, et al.,

        Plaintiffs

v.

KING COUNTY, d/b/a KING COUNTY
SHERIFF'S OFFICE, et al.,

        Defendants.

_____

BARRON BALDWIN,

        Plaintiff,

v.

KING COUNTY SHERIFF'S OFFICE, et al.,

        Defendants.

CASE NO. C06-0023-JCC

## I.   INTRODUCTION

This matter comes before the Court on the following motions:

1.   Defendants' motion for summary judgment regarding claims by Plaintiffs George Alvarez,

ORDER – 1

James Keller, and Kim Keller ("the Alvarez Plaintiffs") (Dkt. No. 155);

    2.    Defendants' motion for summary judgment regarding claims by Plaintiff Barron Baldwin (Dkt. No. 169);

    3.    Plaintiff Baldwin's Motion to Amend Complaint (Dkt. No. 210).

Having considered the parties' relevant submissions on the matter and determined that oral argument is unnecessary, the Court hereby rules as follows.

## II. MOTION TO DISMISS KIM KELLER'S § 1983 CLAIMS

The Alvarez Plaintiffs conceded that Kim Keller cannot assert any § 1983 claims in this action. Accordingly, Defendants' motion to dismiss any potential § 1983 claims by Kim Keller is hereby GRANTED.

## III. DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND PLAINTIFF BALDWIN'S MOTION TO AMEND COMPLAINT

### A. Standard of Review

Though Defendants initially styled their motions as motions to dismiss, they later conceded that these motions are properly reviewed as motions for summary judgment. Rule 56 of the Federal Rules of Civil Procedure states that a party is entitled to summary judgment in its favor "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. The moving party bears the burden of showing that there is no evidence which supports an element essential to the nonmovant's

ORDER – 2

claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is in fact a genuine issue for trial. *Anderson*, 477 U.S. at 250.

**B.      Analysis**

Defendants seek summary judgment against both the Alvarez Plaintiffs and Plaintiff Baldwin for improperly naming King County Sheriff's Office as a Defendant in these actions rather than King County. Plaintiff Baldwin also seeks leave from the Court to amend his Complaint to rectify any improper naming. Each of the two complaints will be addressed in turn.

**1.      The Alvarez Plaintiffs**

Though the Alvarez Plaintiffs named "King County Sheriff's Office" in their initial Complaint and their First Amended Complaint, they subsequently listed "King County d/b/a/ King County Sheriff's Office" in both their Second and Third Amended Complaints. (*See* copies of all four Complaints attached to Defs.' Mot. for Summ. J. (Dkt. No. 156).) Because Defendants acknowledge that King County would be a proper defendant in this action were it properly named, and the Court finds that the County is properly named in the operative Third Complaint, Defendants' argument that King County has not been properly named in the Complaint is meritless.

Defendants' argument that any deficiencies in service as to King County warrant dismissal are likewise unpersuasive. Because this case was removed from state court, pre-removal service is governed under Washington law. *Lee v. City of Beaumont*, 12 F.3d 933, 936-37 (9th Cir. 1993). Washington has adopted the liberal, federal approach to service of process because it "determined that substance should prevail over form and that actions should be determined on the merits, not by technical rules that prevent such determinations." *First Federal Sav. & Loan Ass'n of Walla Walla v. Ekanger*, 593 P.2d 170, 173 (Wash. Ct. App. 1979). The Washington Rules for Superior Court provide: "[a]t any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued." Wash. Rules for Superior Ct. 4(h). Defendants have made no

ORDER – 3

showing of prejudice and King County was clearly on notice that it was being sued in this action. Therefore Defendants' motion with respect to the Alvarez Plaintiffs is hereby denied.

### 2. Plaintiff Baldwin

The operative Baldwin Complaint names "King County Sheriff's Office." (*See* Plaintiff Baldwin's Amended Compl. (Dkt. No. 16 in C06-0979-JCC).) Defendants move for summary judgment for the same reasons they asserted against the Alvarez Plaintiffs. Plaintiff Baldwin separately moves to amend.

The Court finds Defendants' decision to wait to address this matter until now provides more than good cause to allow Plaintiff Baldwin to amend his complaint at this relatively late date, especially in light of the federal policy in favor of allowing amendment "freely . . . when justice so requires." *See* Fed. R. Civ. P. 15(a). Accordingly, Plaintiff Baldwin's motion to amend his complaint is hereby granted.

Because Plaintiff Baldwin's proposed amendment to name "King County" resolves any remaining issues regarding Defendants' motion for summary judgment, that motion is hereby denied as moot. Plaintiff Baldwin shall file an amended complaint by June 1, 2007.

Defendants' argument that this matter should be dismissed because of insufficient service of process is likewise meritless. This case was filed in federal court, and thus service is governed by federal law, specifically Federal Rule of Civil Procedure 4. As the Ninth Circuit has held: "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint. Even if the summons fails to name all of the defendants, . . . dismissal is generally not justified absent a showing of prejudice. *United Food & Com'l Wkrs. U. v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984) (citations omitted). Defendants have shown no prejudice as a result of any deficiency in service and the Court declines to dismiss the matter.

## IV. CONCLUSION

1.  Defendants' motion for summary judgment regarding claims by the Alvarez Plaintiffs (Dkt. No. 155) is hereby GRANTED IN PART AND DENIED IN PART, as described above;

ORDER – 4

2. Defendants' motion for summary judgment regarding claims by Plaintiff Baldwin (Dkt. No. 169), is hereby DENIED,

3. Plaintiff Baldwin's Motion to Amend Complaint is hereby GRANTED. Plaintiff is hereby ORDERED to provide the Court with an amended complaint consistent with this order by June 1, 2007.

SO ORDERED this 23rd day of May, 2007

John C. Coughenour
United States District Judge

ORDER – 5